Garrett Charity (Bar #285447)
Garrett.Charity@McCarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KIRKLAND,<br><br>   Plaintiff,<br><br>v.<br><br>COMENITY CAPITAL BANK; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>   Defendants. | Case No.: 5:21-cv-1834<br><br>**Complaint for Damages:**<br><br>1. **Violation of Fair Credit Reporting Act**<br>2. **Violation of California Rosenthal Fair Debt Collection Practices Act** |

Plaintiff, Rodney Kirkland, by and through undersigned counsel, upon information and belief, hereby complains as follows:

### I.     INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

### II.     PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Riverside, California.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, Comenity Capital Bank ("Comenity") is and at all times relevant hereto was a lending institution regularly doing business in the State of California.

6. At all times pertinent hereto, Defendant Comenity was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

7. Defendant, Comenity, was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Defendant, Comenity, is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in California.

10. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of California.

11. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

13. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.   JURISDICTION AND VENUE

14. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

15. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the

Plaintiff resides in and the injury occurred in Riverside County, California and Defendants do business in California.

16. Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

## IV.    FACTUAL ALLEGATIONS

17. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Comenity and Experian (collectively, "Defendants"), and has suffered particularized and concrete harm.

18. Equifax, Experian, and Transunion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

19. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

20. Equifax, Experian, and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

21. Plaintiff obtained his credit report from Experian.

22. Plaintiff reviewed his Experian consumer report for accuracy and discovered that Experian was reporting a Comenity account CCB/CHLDPLCE # 57809711XXXX on his Experian consumer report in error (the "Account").

23. The Account is double reporting as, on information and belief, the Account was sold and is also reporting as PORTFOLIO RECOVERY/ACCT # 578097110245XXXX.

24. Defendant Comenity continues erroneously to report the Account with balance due and owing inclusive of late fees and penalties, and a derogatory status to Experian which is a CRA and which reported a duplicate balance owed on the Account on Plaintiff's consumer report.

25. The false information regarding the Account appearing on Plaintiff's

consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

26. On May 26, June 30, August 4, and September 9, 2021, Plaintiff sent written disputes to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

27. Upon information and belief, Experian forwarded Plaintiff's Experian Dispute to Defendant Comenity.

28. Upon information and belief, Comenity received notification of Plaintiff's Experian Dispute from Experian.

29. Upon information and belief, Comenity verified the erroneous information associated with the Account to Experian.

30. Comenity did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

31. Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

32. Upon information and belief, Comenity failed to instruct Experian to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

33. Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Experian Dispute.

34. At no point after receiving the Experian Dispute did Comenity or Experian, communicate with Plaintiff to determine the veracity and extent of Plaintiff's Experian Dispute.

35. Experian relied on their own judgment and the information provided to

them by Comenity, rather than grant credence to the information provided by Plaintiff.

**COUNT I – EXPERIAN**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

36. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

37. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

38. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

39. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II – EXPERIAN**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)**

43. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

44. After receiving the Experian Dispute, Experian failed to correct the false

information regarding the Account reporting on Plaintiff's Experian consumer report.

45. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

46. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – COMENITY

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

50. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

51. After receiving the Experian Dispute, Comenity failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

52. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Comenity's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to

1 permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Comenity's representations to consumer credit reporting agencies, among other unlawful conduct.

53. As a result of this conduct, action, and inaction of Defendant Comenity, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54. Defendant Comenity's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

55. In the alternative, Defendant Comenity was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

56. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Comenity pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT IV – Comenity
### Rosenthal Fair Debt Collection Practices Act – Cal Civ. Code § 1788.17

57. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

58. Comenity violated the RFDCPA at Cal. Civ. Code § 1788.17 as a debt collector collecting or attempting to collect a consumer debt and failing to comply with the provisions of Sections § 1692e(2)(a) and § 1692e(8), inclusive, of, and shall be subject to the remedies in Section § 1692k of, Title 15 of the United States Code.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory

1    remedies as defined by 15 U.S.C. § 1681 and demands:

2     A.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C.

3        § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

4     B.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful

5        violation;

6     C.  The costs of instituting this action together with reasonable attorney's fees

7        incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

8     D.  Any further legal and equitable relief as the court may deem just and proper in

9        the circumstances.

10

11   **WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Comenity for

12   noncompliance of the Rosenthal Fair Debt Collection Practices Act and seeks remedies

13   as defined by Cal. Civ. Code § 1788.30 and demands:

14     A.  Adjudging that Comenity violated Cal. Civ. Code § 1788.17;

15     B.  Statutory damages, pursuant to Cal. Civ. Code § 1788.30b, in the amount of

16        $1,000.00;

17     C.  Actual damages to be proven at trial, pursuant to Cal. Civ. Code § 1788.30a;

18     D.  The costs of instituting this action together with reasonable attorneys' fees and

19        costs incurred in this action pursuant to Cal. Civ. Code § 1788.30c;

20     E.  Any further legal and equitable relief as the court may deem just and proper in

21        the circumstances.

22

23    Respectfully submitted October 29, 2021.

24
                                            MCCARTHY LAW, PLC
25
                                            By: */s/ Garrett Charity*
26                                        Garrett Charity, Esq.
                                            Attorney for Plaintiff
27

28